Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000521
20-DEC-2019
07:57 AM

NOS. CAAP-16-0000521 and CAAP-16-0000574

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NO. CAAP-16-0000521
ASSOCIATION OF APARTMENT OWNERS OF PACIFIC HEIGHTS
PARK PLACE, a Hawaiʻi non-profit corporation,
by its Board of Directors, Plaintiff-Appellee,
v.
DONALD COURTNEY BROWN,
Defendant-Appellant,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS
1-10, DOE ASSOCIATIONS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10,
Defendants,
and
PACIFIC HEIGHTS PROPERTIES, LLC,
Party-In-Interest-Appellant

AND

NO. CAAP-16-0000574
ASSOCIATION OF APARTMENT OWNERS OF PACIFIC HEIGHTS
PARK PLACE, a Hawaiʻi non-profit corporation,
by its Board of Directors, Plaintiff-Appellee,
v.
DONALD COURTNEY BROWN,
Defendant-Appellant,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS
1-10, DOE ASSOCIATIONS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, AND DOE GOVERNMENTAL UNITS 1-10,
Defendants,
and
PACIFIC HEIGHTS PROPERTIES, LLC,
Party-In-Interest-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL 1RC16-1-3064)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Wadsworth, JJ.)

In this consolidated appeal, Defendant-Appellant Donald Courtney Brown (**Brown**) appeals under CAAP-16-0000574 from the July 19, 2016 Judgment of Possession (**Judgment**) and Writ of Possession (**Writ of Possession**) entered by the District Court of the First Circuit (**District Court**)[1] in favor of Plaintiff-Appellee Association of Apartment Owners of Pacific Heights Park Place (the **AOAO**). Brown also challenges the District Court's: (1) June 16, 2016 Order Denying [Applicant for Intervention-Appellant] Pacific Heights Properties, LLC's [(**PHP's**)] Motion to Intervene as Defendant Filed on May 2, 2016 (**Order Denying Motion to Intervene**); (2) June 16, 2016 Order Denying [Brown]'s Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction filed on May 16, 2016 (**Order Denying Motion to Dismiss**);[2] (3) August 17, 2016 Order Denying [Brown]'s Motion for Reconsideration of (1) [Order Denying Motion to Intervene] (2) and [Order Denying Motion to Dismiss] (**Order Denying Reconsideration of Intervention and Dismissal**); (4) August 17, 2016 denial of Brown's Motion for Reconsideration of (1) [Judgment of Possession]; and (2) [Writ of Possession] (**Order Denying Reconsideration of Judgment and Writ of Possession**).[3]

_____

[1]     The Honorable John A. Montalbano entered the Judgment of Possession. The Honorable Hilary B. Gangnes entered the Writ of Possession.

[2]     The Honorable Michael K. Tanigawa entered the Order Denying PHP's Motion to Intervene and the Order Denying Brown's Motion to Dismiss.

[3]     The Honorable John A. Montalbano entered the Order Denying Reconsideration of Intervention and Dismissal, as well as the Order Denying Reconsideration of Judgment and Writ of Possession.

PHP appeals under CAAP-16-0000521, also challenging the District Court's: (1) Order Denying Motion to Intervene; (2) Order Denying Motion to Dismiss; and (3) Order Denying Reconsideration of Intervention and Dismissal.

Brown and PHP both raise points of error contending that the District Court erred in: (1) denying PHP's Motion to Intervene as Defendant (**Motion to Intervene**); (2) denying Brown's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (**Motion to Dismiss**); and (3) denying reconsideration regarding intervention and dismissal. Brown also contends that the District Court erred in entering the Judgment of Possession and Writ of Possession and denying reconsideration of them.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' contentions as follows:

(1) The AOAO filed a complaint for ejectment and assumpsit against Brown. The complaint alleged, *inter alia*, that Brown is the sole member and agent of PHP; PHP was the former owner of unit 10 (the **Unit**) in Pacific Heights Park Place; Brown then occupied the Unit; Brown had no ownership interest in the Unit; and the AOAO was entitled to occupancy, possession, and certain rents. The complaint did not name PHP as a defendant.

PHP filed the Motion to Intervene,[4] asserting that it held an interest in the Unit that entitled it to intervention as

---

[4] According to the court minutes, PHP first orally moved to intervene at a hearing on April 29, 2016, which the District Court denied with leave to allow PHP to file a written motion to intervene.

a matter of right, pursuant to Rule 24(a)(2) of the District Court Rules of Civil Procedure (**DCRCP**).[5] Specifically, PHP asserted that: (1) it had acquired ownership of the Unit by Quitclaim Deed on or about August 17, 2015; (2) the disposition of the ejectment action may impair or impede PHP's ability to protect that interest; and (3) PHP's interests were not adequately represented by Brown.[6] PHP attached to the Motion to

---

[5]     DCRCP Rule 24 provides, in pertinent part:

> **Rule 24. INTERVENTION.**
>         **(a) Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>         **(b) Permissive intervention.** Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute, ordinance or executive order administered by an officer, agency or governmental organization of the State or a county, or upon any regulation, order, requirement or agreement issued or made pursuant to the statute, ordinance or executive order, the officer, agency or governmental organization upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
>         **(c) Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute gives a right to intervene.
>         **(d) Notice of Claim of Unconstitutionality.** A party who draws into question the constitutionality of a Hawai'i statute, in any proceeding to which the State of Hawai'i, or any agency thereof, or any officer or employee thereof in an official capacity is not a party, shall provide immediate written notice of the constitutional issue to the Attorney General of the State of Hawai'i.

[6]     In the District Court, PHP argued in the alternative that it should be granted permissive intervention under DCRCP Rule 24(b)(2), because its "claims or defenses against the [AOAO] and the main action have largely
(continued...)

4

Intervene: (1) a proposed answer, asserting, *inter alia*, that the District Court lacked subject matter jurisdiction "as title to the real property is in dispute under DCRCP Rule 12.1";[7] and (2) a declaration of counsel, which simply authenticated the proposed answer.

After a hearing, the District Court entered the Order Denying Intervention.

The dispositive issue here is whether PHP adequately claimed an interest in the property or transaction that was the subject of the action. PHP's purported interest in the Unit was a competing claim to title, such that the District Court would be deprived of jurisdiction over the case and the ejectment action would be dismissed.[8] However, in order to fulfill the requirements of Rule DCRCP 12.1, a written answer or motion and

---

[6](...continued)
identical questions of law and fact in common." However, PHP did not raise, and thus waived, this alternative argument on appeal.

[7]     DCRCP Rule 12.1 provides:

> **Rule 12.1. DEFENSE OF TITLE IN DISTRICT COURTS.**
>     **Pleadings.** Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, **which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim**.

(Emphasis added).

[8]     To the extent that, on appeal, PHP relies on Brown's purported testimony and asserts a possessory interest subject to the ejectment action, we note that (1) PHP did not raise this interest in the Motion to Intervene or in the proposed answer; and (2) as there are no transcripts included in the record on appeal, the record does not support PHP's contentions with respect to a possessory interest in the Unit.

an affidavit or declaration setting forth the source, nature, and extent of the claim to title must be submitted. Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Hawai'i 32, 39, 265 P.3d 1128, 1135 (2011) (**Peelua**); Aames Funding Corp. v. Mores, 107 Hawai'i 95, 98-99, 100 P.3d 1042, 1045-46 (2005) (**Aames**).

Reading DCRCP Rule 12.1 and DCRCP Rule 24 together and applying them here, we conclude that PHP failed to establish that it claimed an interest relating to the property or transaction which was the subject of the ejectment action. As stated in its proposed answer, PHP sought to intervene as a defendant on the basis that it was asserting a competing claim to title to the Unit. However, PHP did not submit an affidavit or declaration in support of its contention that title remained at issue, as required by DCRCP Rule 12.1. See Peelua, 126 Hawai'i at 39, 265 P.3d at 1135; Aames, 107 Hawai'i at 98-99, 100 P.3d at 1045-46. As such, PHP's proposed answer failed on its face to properly raise a question of title to the Unit. Consequently, PHP did not establish any relation between its purported interest and the AOAO's claims in the ejectment action against Brown. See 59 Am. Jur. 2d Parties § 160, Westlaw (database updated November 2019); see also Peelua, 126 Hawai'i at 39, 265 P.3d at 1135 (citation omitted). Therefore, we cannot conclude that PHP has made a showing of a direct and substantial interest in the proceedings in which PHP sought to intervene. Because PHP has failed to establish at least one of the factors for intervention by right, the District Court did not err in denying the Motion to Intervene. Ing v. Acceptance Ins. Co., 76 Hawai'i 266, 272, 874

P.2d 1091, 1097 (1994) ("Because we hold that [the] motion to intervene was untimely, we need not reach the remaining factors of the <u>Kim</u> test.").[9]

(2)  Brown filed the Motion to Dismiss, arguing that the Complaint must be dismissed because "title to real property is at issue."  Brown cited PHP's ownership of the Unit, pursuant to its August 17, 2015 Quitclaim Deed, and asserted that the AOAO "obtained its title through a self-dealing non-judicial foreclosure sale," during which the AOAO's attorney precluded Brown from bidding.  Citing <u>Kondaur Capital Corporation v. Matsuyoshi</u>, 136 Hawai'i 227, 361 P.3d 454 (2015), Brown argued that the AOAO bore the burden of establishing that the non-judicial foreclosure sale was conducted in a matter that was fair, reasonably diligent, and in good faith and that an adequate price was procured for the property.  Because the AOAO's deed was allegedly "procured in a manner inconsistent" with <u>Kondaur,</u> Brown argued that the Deed was voidable, putting title to the Unit at issue in the ejectment action.

In support of his Motion to Dismiss, Brown attached an affidavit, with a copy of PHP's Quitclaim Deed, and attested as follows:

> 1.  I am over 18 years old and I make this affidavit based on my personal knowledge and the statements contained herein are true and accurate.
>
> 2.  I have been purchasing properties at both judicial and non-judicial public auctions since 2003.  I usually attend 3 to 15 auctions a month and periodically purchase one or more properties per month.

---

[9]  We note that it appears that a final judgment has been entered against PHP in its wrongful foreclosure action against the AOAO, no appeal was taken, and therefore this issue may be moot.

3. My statements are written in support of the Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction pursuant to Rule 12.1 of the District Court Rules of Civil Procedure.

4. Title to the subject Real Estate, commonly known as 2330 Kaola Way, #10, Honolulu, Hawaii 96813, ("Property"), is in question.

5. [PHP] obtained its title to the Property by Quitclaim Deed on August 17, 2015 and recorded on August 18, 2015. A true and correct copy of the Quitclaim Deed is attached hereto as Exhibit "A."

6. [The AOAO]'s title was obtained through a self-dealing non-judicial foreclosure sale by public auction that was not conducted in a manner that was fair, reasonably diligent and in good faith and an inadequate price was procured for the Property.

7. [The AOAO] as seller and purchaser of the Property on March 4, 2016, manipulated the public auction so as to preclude all parties from entering bids except for [the AOAO] self-dealing mortgagee.

8. On March 4, 2016, [the AOAO] held its Non-judicial foreclosure action [sic].

9. I attended this auction with the intent to place a good-faith bid on the Property.

10. There were 12 to 15 potential bidders attending these non-judicial public auctions[.]

11. I qualified and bid on a prior non-judicial foreclosure auction but I was outbid by other bidders.

12. Arlette S. Harada ("Harada") served as auctioneer for the subject Property.

13. Harada announced the opening of the auction for the subject Property. . . . She stated her rules for the auction which included that the Property is sold subject to any existing liens and encumbrances except that this Property is being sold free and clear of all liens and encumbrances except for the first mortgage.

14. Harada then asked, "Are there any bidder?"

15. I then approached Harada as I wanted to place a bid. I had sufficient funds to qualify to bid. I showed her that I was in possession of $5,000 in denominations of one hundred dollar bills.

16. Harada then said to me, "I'm not tak[ing] your bid because this is your Property."

17. I said to Harada, "In front of all these people, you are denying me the right to bid on this Property?"

18. Harada responded, "Yes, I am not taking your bid! It is your property! You are the owner!"

19. I responded, "You are wrong!"

20. Harada then said, "Then sue me! You have before."

21. Then Harada immediately said, "Association bids $1.00. Going twice. Sold to the Association."

22. Harada failed to acknowledge any other potential bidders.

23. The bidding lasted less than a minute.

24. After Harada closed the auction, she got up from the bench and hurried away.

Brown also attached an affidavit from a paralegal, who similarly recounted the events of the auction.

On appeal, Brown argues that the action should have been dismissed because his affidavit set forth the source, nature, and extent of PHP's claim to superior title to the Unit, satisfying the requirements of DCRCP Rule 12.1 and depriving the District Court of subject matter jurisdiction. We conclude that this argument lacks merit.

Brown's affidavit, in essence, appears to have claimed that PHP was entitled to retain its ownership interest because Brown was precluded from bidding on the Unit at the foreclosure auction. However, as discussed above, PHP is the entity asserting a competing claim of title to the Unit; yet, PHP did not attach an affidavit or declaration to its Motion to Intervene or its proposed answer, and therefore failed to comply with the requirements of DCRCP Rule 12.1 to properly place title into question. Brown did not assert a claim to title in his individual capacity. Moreover, notwithstanding any other claim that might lie, a bidder at a foreclosure auction does not obtain a property interest in the subject property prior to the actual conveyance of the property. See, e.g., Lee v. HSBC Bank USA, 121

Hawai'i 287, 291, 218 P.3d 775, 779 (2009).[10] Thus, we conclude that Brown's declaration failed to satisfy DCRCP Rule 12.1 and the District Court did not err in denying the Motion to Dismiss.

(3) Brown and PHP contend that the District Court erred in the Order Denying Reconsideration of Intervention and Dismissal. However, Brown fails to include any corresponding argument with respect to the contention that the District Court abused its discretion in denying these motions. Therefore, we conclude that Brown waived this point of error. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived."). With respect to PHP, it does not appear that PHP filed a motion to reconsider with the District Court and the record does not include an order denying such relief; therefore, PHP's contention is not reviewable by this court.

(4) Brown contends that the District Court erred in entering the Judgment of Possession and Writ of Possession in favor of the AOAO, stating that title to the real property remained at issue and PHP was not made a party. However, Brown does not argue the point further in his brief and, consequently, we conclude that he has waived this point of error. See HRAP Rule 28(b)(7).

---

[10] We note that Brown, in his individual capacity, did in fact file pro se a complaint against the AOAO and others denominated as a "Complaint for Wrongful Foreclosure" arising out of, *inter alia*, the AOAO's attorney's refusal to allow him to bid at the foreclosure auction. It does not appear from the record on appeal that Brown brought this separate suit to the District Court's attention in conjunction with the Motion to Dismiss. We further note that it appears that a final judgment has been entered against Brown in his wrongful foreclosure action, no appeal was taken, and any issue related to his claim therein may be moot.

(5)   Brown contends that the District Court erred in entering the Order Denying Reconsideration of Judgment and Writ of Possession.   However, Brown does not argue the point further in his brief and, consequently, we conclude that he has waived this point of error.   See HRAP Rule 28(b)(7).

For these reasons, we affirm the District Court's: (1) July 19, 2016 Judgment of Possession; (2) July 19, 2016 Writ of Possession; (3) June 16, 2016 Order Denying Motion to Intervene; (4) June 16, 2016 Order Denying Motion to Dismiss; (5) August 17, 2016 Order Denying Reconsideration of Intervention and Dismissal; and (6) August 17, 2016 Order Denying Reconsideration of Judgment and Writ of Possession.

DATED: Honolulu, Hawai'i, December 20, 2019.

On the briefs:

Melodie Aduja,
(ADUJA & ADUJA, AAL, LLLC),
for Defendant-Appellant
  DONALD COURTNEY BROWN,
and Party-In-Interest-Appellant
 PACIFIC HEIGHTS PROPERTIES, LLC.

Arlette S. Harada,
Dan C. Oyasato,
(EKIMOTO & MORRIS),
for Plaintiff-Appellee.

Donald Courtney Brown,
Defendant-Appellant, *pro se*,
 and
David C. Farmer,
for Party-In-Interest-Appellant
 PACIFIC HEIGHTS PROPERTIES, LLC,
(on the reply brief).

Presiding Judge

Associate Judge

Associate Judge